IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**SHAWN ABEL,**

    **Plaintiff,**

v.                                          Civil Action No. 2:20-cv-00164
                                                  **(Formerly Jackson County Circuit Court, Civil Action No. 20-C-17)**

**NICHE POLYMER, LLC,**

    **Defendant.**

## NOTICE OF REMOVAL

Defendant Niche Polymer, LLC ("Niche Polymer") hereby gives notice of removal of the action styled *Shawn Abel v. Niche Polymer, LLC*, Civil Action No. 20-C-17, pending in the Circuit Court of Jackson County, West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

1. On or about February 3, 2020, Plaintiff Shawn Abel ("Abel") filed his Complaint in the Circuit Court of Jackson County, West Virginia against Niche Polymer. Niche Polymer was served with the Summons and Complaint on February 6, 2020 via hand delivery by the local Sherriff's Office.

2. Copies of the Summons, Complaint, and all other documents served on Niche Polymer are attached as **Exhibit A**. A copy of the Jackson County Circuit Court docket sheet is attached as **Exhibit B**. A complete copy of the Jackson County Circuit Court file is attached as **Exhibit C**.

3. This Notice of Removal is being filed within thirty (30) days after service of Abel's Complaint on Niche Polymer and is thereby timely filed under 28 U.S.C. § 1446(b).

4. Abel alleges that Niche Polymer terminated his employment in violation of one or more substantial public policies of the State of West Virginia.

**Diversity Jurisdiction**

5. This action is properly removed under 28 U.S.C. § 1441, based on diversity jurisdiction, and this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), as amended, which provides in pertinent part, as follows:

> (a) This district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .
>
> (2) citizens of different states; . . .

6. Able is a citizen of West Virginia. (Complaint, ¶ 1).

7. For purposes of diversity jurisdiction, "a limited liability company is a citizen of the state or states of which its members are citizens." *Boggs v. Fola Coal Co., LLC*, 2010 U.S. Dist. LEXIS 93288, *4 (S.D. W.Va. 2010) (*citing Gen. Tech. Applications, Inc. v. Exro LTDA*, 388 F.3d 114, 120 (4th Cir. 2004)).

8. Niche Polymer's members are Dr. Saurabh Naik, a resident of Florida, and Naik Consulting, LLC. Naik Consulting, LLC's sole member is Dr. Saurabh Naik, a resident of Florida. Niche Polymer does not have any other members and none of its members reside in West Virginia. (*See* Affidavit of Saurabh "Sunny" Naik, attached hereto as **Exhibit D**).

9. Accordingly, there is complete diversity of citizenship in this case as defined by 28 U.S.C. § 1332(a), and, as set forth below, the amount in controversy requirement is met.

## Amount in Controversy

10. The amount in controversy for purposes of diversity jurisdiction "is measured by the value of the object of the litigation." *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d 481, 492 (S.D. W.Va. 2001).

11. A court may consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp.2d 578, 584 (S.D. W.Va. 1999).

12. In making the assessment of the value of the object of the litigation, the Fourth Circuit employs the "either viewpoint" rule—that is, that the value of the object of the litigation may be the value to either the plaintiff or the defendant. *See Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (noting that "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result of either party which judgment would produce'").

13. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Where the original complaint does not state a specific damages amount, the defendant must prove by a preponderance of the evidence, *i.e.*, that is more likely than not, that the amount in controversy exceeds $75,000. *Allman v. Chancellor Health Partners, Inc.*, 2009 U.S. Dist. LEXIS 57022, *3 (N.D. W.Va. Mar. 2, 2009); *Sayre v. Potts*, 32 F. Supp.2d 881, 886 (S.D. W.Va. 1999). In addressing the propriety of removal, courts look to the record existing at the time the petition for removal was filed. *Sayer*, 32 F. Supp.2d at 886. Specifically, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. *Id.* A court can consider the type and extent of the plaintiff's injuries and the possible damages recoverable, including punitive damages and, where provided by statute, attorneys' fees and costs that might be

awarded. *Id.*; *Jones v. Capitol One Bank*, 2009 U.S. Dist. LEXIS 98807 (S.D. W.Va. Oct. 15, 2009). Here, utilizing the "common sense" approach leads to the unavoidable conclusion that more than $75,000 is in controversy. *See Allman*, 2009 U.S. Dist. LEXIS 57022 at *3–4; *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D. W.Va. 1994).

14. Abel alleges that his termination "was motivated by a contravention of one or more substantial public policies, as articulated in *Harless v. First National Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978)." (*See* Complaint, ¶ 20).

15. Although Abel's Complaint does not state a specific monetary amount of damages, he contends that, as a result of alleged wrongful termination, he suffered and will continue to suffer economic damages, including past, present, and future lost wages and benefits, emotional damages, including humiliation, mental pain and suffering, emotional distress, and embarrassment, and punitive damages. (*See* Complaint, ¶¶ 28–30). In addition, Abel seeks attorneys' fees and costs. (*See* Complaint, ¶ 30).

16. In *Allman*, the Court held that the potential damages arising from a wrongful discharge cause of action exceeded the jurisdictional amount. *Allman*, 2009 U.S. Dist. LEXIS 57022 at *5–6. In that case, the plaintiffs (husband and wife) argued that the amount-in-controversy requirement was not met because the damages were purely speculative, especially because the wife had a duty to mitigate her lost wages. *Id.* at *4. The defendants argued that, in light of the wife's request for lost wages, as well as other items of recovery associated with wrongful discharge cases, including punitive damages, the amount-in-controversy requirement was met. *Id.* at *4–5. The Court agreed, noting that "although the plaintiffs have not requested a specific amount of damages in their complaint, based on the allegations therein, the plaintiffs appear at the very least to be seeking past and future lost wages, loss of benefits, and damages

for emotional distress." *Id.* at *5. Thus, the Court held that the amount-in-controversy requirement was met and denied the plaintiff's motion for remand.

17. Assuming Abel is successful, lost wages and benefits alone could easily surpass the jurisdictional amount. *See, Burke-Parsons-Bowlby Corp. v. Rice*, 736 S.E.2d 338, 340 (W.Va. 2012) (affirming the jury award in a wrongful discharge case of $2,133,991.00, comprised entirely of back and front pay); *Young v. Bellofram Corp.*, 705 S.E.2d 560, 563 n.1 (W.Va. 2010) (overruled on other grounds) (noting that the Circuit Court granted an award of $180,376 in lost wages and benefits damages in a wrongful discharge case); *W.Va. Am. Water Co. v. Nagy*, 2011 W.Va. LEXIS 183, *4–5 (W.Va. June 15, 2011) (affirming the jury award in a wrongful discharge case containing more than $1,000,000 in back and front pay). Likewise, emotional distress damages, standing alone, can easily approach or surpass the $75,000 threshold. *See Nagy*, 2011 LEXIS 183 at *4–5 (affirming the jury award of $150,000 in emotional distress damages in a wrongful discharge case); *Mace v. Charleston Area Med. Ctr. Found.*, 422 S.E.2d 624 (W.Va. 1992) (affirming $50,000 in emotional distress damages in a wrongful discharge case).

18. The Court must also consider "any punitive damages which may be awarded." *Allman*, 2009 U.S. Dist. LEXIS 57022 at *5. Indeed, the inclusion of a claim for punitive damages is typically sufficient by itself for the amount-in-controversy to be met. As Judge Haden noted, a request for punitive damages "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart Stores East, Inc.*, 117 F.Supp.2d 555, 556 (S.D. W.Va. 2000); *see also Heller v. TriEnergy, Inc.*, 2012 U.S. Dist. LEXIS 94003, *26 (N.D. W.Va. July 9, 2012). Here, Abel has requested punitive damages and such damages are an available form of relief. *See Harless v. First National Bank in Fairmont*, 289 S.E.2d 692, 701–02 (W.Va. 1982) (noting that

punitive damages are available in retaliatory discharge cases). Consequently, the amount-in-controversy requirement is plainly met.

19.     Based on the foregoing, Niche has removed this action from the Circuit Court of Jackson County, West Virginia to the United States District Court for the Southern District of West Virginia. Accordingly, no further proceedings in this civil action may occur in the Jackson County Circuit Court.

20.     Niche Polymer reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of removal.

21.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Jackson County, West Virginia. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit E**.

**NICHE POLYMER, LLC**

By Counsel

 /s/ Brian J. Moore
Brian J. Moore (WVSB #8898)
Kelsey Haught Parsons (WVSB #13205)
DINSMORE & SHOHL LLP
P.O. Box 11887
707 Virginia Street, East, Suite 1300
Charleston, WV 25339-1887
Telephone (304) 357-0900
Facsimile  (304) 357-0919
brian.moore@dinsmore.com
kelsey.haughtparsons@dinsmore.com

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**SHAWN ABEL,**

    **Plaintiff,**

**v.**                            Civil Action No. 2:20-cv-00164
                                    **(Formerly Jackson County Circuit Court, Civil Action No. 20-C-17)**

**NICHE POLYMER, LLC,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I, Brian J. Moore, hereby certify that on the 4th day of March, 2020, I electronically filed the foregoing ***Notice of Removal*** with the Clerk of the Court using the CM/ECF system and certify that I have served the following counsel of record by regular U.S. Mail, postage prepaid:

Robert P. Lorea, Esq.
Lorea Law Office PLLC
108 ½ Capitol Street, Suite 200
Charleston, WV 25301


                                       /s/ Brian J. Moore
                                       Brian J. Moore (WVSB #8898)

16079595.1